# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN FRANCIS ARPINO, | 3:17-cv-00608-MMD-VPC |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| NEVADA SUPREME COURT, *et al.*, | |
| Defendants. | |

## I. DISCUSSION

John Francis Arpino ("plaintiff") is a prisoner proceeding *pro se*. Plaintiff has submitted an application to proceed *in forma pauperis* (ECF No. 1), an emergency motion for preliminary injunction (ECF No. 1-1 at 1–4), a petition for writ of mandamus (ECF No. 1-1 at 4–9), and a motion to compel or show cause (ECF No. 4). The court denies plaintiff's petition for writ of mandamus, denies plaintiff's application to proceed *in forma pauperis*, and defers its consideration of plaintiff's motions until he has prepaid the filing fee.

### A. Mandamus

To begin, the court summarily denies plaintiff's writ of mandamus over the Nevada Supreme Court and Nevada Court of Appeals. (*See* ECF No. 1-1 at 4–9.) Mandamus is an extraordinary remedy that is only proper where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc). "[M]andamus review may not generally be used when a statutory mode of review has been prescribed." *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983). Plaintiff's petition is brought under the theory that the Nevada Rules of Appellate Procedure ("NRAP"), as applied in his criminal proceedings, violate his Fourteenth Amendment right to due process and equal protection. (ECF No. 1-1 at 4.) Congress enacted section 1983 precisely for the purpose of providing persons a vehicle to vindicate their constitutional rights against state actors. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Thus, plaintiff is unable to meet the

exacting requirements of mandamus review because his claims may be properly brought under 28 U.S.C. § 1983. The court can think of no reason why plaintiff brings his claim as a petition for writ of mandamus, other than to avoid the strictures of the PLRA. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (PLRA does not apply to writs of mandamus against a judge presiding over a criminal proceeding).

**B.    *In Forma Pauperis* Application**

Under the PLRA, "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2012).

Plaintiff's prior litigation history reveals that he has well over three "strikes." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (section 1915(g) "is commonly known as the 'three strikes' provision …. A prisoner with three strikes or more cannot proceed *IFP*"). On at least four occasions, this court has dismissed civil actions commenced by plaintiff while in detention for failure to state a claim upon which any relief may be granted.[1] In addition, the court is aware of three appeals plaintiff filed at the Ninth Circuit Court of Appeals that were ultimately found to be frivolous.[2]

Plaintiff is under no imminent danger of serious physical injury to warrant his excusal from paying the filing fee. Plaintiff does not bring a complaint before the court, but the documents he submits to the court concern only the Nevada Rules of Appellate Procedure

---

[1] *See, e.g.*, *Arpino v. Sandoval*, 3:14-cv-00409-MMD-WGC (dismissed for failure to state a claim); *Arpino v. Sandoval*, 3:14-cv-00481-MMD-WGC (same); and *Arpino v. Sandoval*, 3:14-cv-00522-RCJ-VPC (same); 3:14-cv-553-MMD-WGC (same). The court takes judicial notice of its prior records in the above matters.

[2] The court takes judicial notice of its records of the following orders issued by the Ninth Circuit to this court: *Arpino v. Howell*, 3:13-cv-213-MMD-VPC (ECF No. 56); *Arpino v. Sandoval*, 3:14-cv-00409-MMD-WGC (ECF No. 14); *Arpino v. Sandoval*, 3:14-cv-00481-MMD-WGC (ECF No. 29). In all three orders, the Ninth Circuit court found plaintiff's appeal to be "frivolous" and denied plaintiff's application to proceed *in forma pauperis*. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (ruling that dismissal of appeal on grounds of frivolity not required where court has made express finding that appeal is frivolous).

2

("NRAP"). (*See* ECF No. 1-1 at 1–9.) Specifically, he alleges that the Nevada Supreme Court, pursuant to the NRAP, prevented plaintiff from filing an appendix to his appeal, denied plaintiff's motion to construe the respondent's failure to file an answering brief as a confession of error, and, ultimately, transferred plaintiff's appeal to the Nevada Court of Appeals, despite the fact that he sought over two million dollars in damages. (*Id.* At 4–9, 18–22.) While plaintiff claims that the NRAP violate his Fourteenth Amendment due process and equal protection rights, there is simply no indication that plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to section 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, plaintiff must prepay the $400.00 filing fee in full. Plaintiff has long exploited the privilege of proceeding *in forma pauperis*, so the court will not expend additional resources to consider plaintiff's submitted motions until his payment is received. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed *in forma pauperis* is itself a matter of privilege not right.")

## V. CONCLUSION

For the foregoing reasons, plaintiff's petition for writ of mandamus (ECF No. 1-1 at 4–9) and application to proceed *in forma pauperis* (ECF No. 1) are denied. Plaintiff is advised that this action will be dismissed without prejudice unless plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order. The court defers consideration of plaintiff's emergency motion for preliminary injunction (ECF No. 1-1 at 1–4) and motion to compel or show cause (ECF No. 4) until plaintiff pays the filing fee.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's petition of writ of mandamus (ECF No. 1-1 at 4–9) be **DENIED**

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that this order is entered to pay the $400.00 filing fee in full, or this action will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

**DATED**: February 16, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**