UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN FRANCIS ARPINO, <br> Plaintiff, <br> v. <br> NEVADA SUPREME COURT, *et al.*, <br> Defendants. | Case No. 3:17-cv-00608-MMD-VPC <br><br> ORDER |

### I. SUMMARY

Before the Court is Magistrate Judge Valerie P. Cooke's report and recommendation[1] ("R&R") regarding Plaintiff's application to proceed *in forma pauperis* (ECF No. 10). Plaintiff filed an objection to the R&R (ECF No. 12). For the following reasons, the Court accepts and adopts the Magistrate Judge's R&R in full.

### II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is

///

---

[1] The Court construes the filing docketed at ECF No. 10 as a report and recommendation even though it is docketed as a screening order because Magistrate Judges do not have authority to deny applications to proceed *in forma pauperis*. *Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988) ("A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291. Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment.") (citations omitted).

required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**III. DISCUSSION**

The Magistrate Judge recommended denying Plaintiff's application to proceed *in forma pauperis* based on 28 U.S.C. § 1915(g). (ECF No. 10 at 2.) That statute forbids inmates with "three strikes" from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (describing 28 U.S.C. § 1915(g) as the "three strikes provision" and noting that a prisoner with three strikes or more cannot proceed *in forma pauperis*). The Court agrees with the Magistrate Judge that Plaintiff has at least three strikes.

Plaintiff's objection does not address the Magistrate Judge's three strikes analysis and instead focuses on the Magistrate Judge's purported misunderstanding of this case as arising under Section 1983. (*See, e.g.*, ECF No. 12 at 5.) Even if this case were not a Section 1983 case, however, Plaintiff fails to explain why the three strikes rule of 28 U.S.C. § 1915(g) would not apply.

Accordingly, the Court finds that Plaintiff is unable to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

///

///

2

## IV. CONCLUSION

It is therefore ordered that the Magistrate Judge's R&R (ECF No. 10) is accepted and adopted in full.

It is further ordered that Plaintiff's objection (ECF No. 12) is overruled.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied pursuant to 28 U.S.C. § 1915(g). This action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of Court shall retain the Complaint (ECF Nos. 1-1, 1-2).

DATED THIS 10th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE